IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS SLAVICK, #A07658819, | ) | CIV. NO. 16-00601 DKW/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | PURSUANT TO 28 U.S.C. |
| | ) | §§ 1915(e)(2) & 1915A(b) |
| JOHN LALOTOA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(a)**

Before the Court is pro se Plaintiff Chris Slavick's prisoner civil rights

Complaint.  ECF No. 1.  Slavick names Halawa Correctional Facility ("HCF")

Sergeant John Lalotoa in his individual and official capacities as the only

Defendant.[1]  Slavick seeks relief under 42 U.S.C. § 1983 and the Americans With

Disabilities Act ("ADA"), 42 U.S.C. §§ 12182 *et seq*.

For the following reasons, the Complaint is DISMISSED for failure to state

a cognizable claim for relief.  *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  Slavick is

---

[1]Slavick names HCF in the Complaint's caption but does not repeat this in the
Complaint's body.  Since HCF is not a "person" subject to suit under 42 U.S.C. § 1983, the court
does not construe HCF as being a named Defendant.

granted leave to amend to correct the deficiencies discussed below, on or before

December 30, 2016.

## I. **LEGAL STANDARD**

The Court must screen all prisoner civil actions seeking redress from a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or

claims that are frivolous, malicious, fail to state a claim, or seek relief from an

immune defendant must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A(b); 42 U.S.C. § 1997e(c)(1). During screening, the Court sets conclusory

factual allegations aside, accepts non-conclusory factual allegations as true, and

determines whether these allegations state a plausible claim for relief. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). Plausibility does not mean "probability," but it requires "more

than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To state a claim, a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

complaint that lacks a cognizable legal theory or alleges insufficient facts under a

cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*,

901 F.2d 696, 699 (9th Cir. 1990). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

U.S. at 679; *Twombly*, 550 U.S. at 555.

Courts must construe pro se pleadings liberally "to afford the petitioner the

benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations

omitted).  The district court "should not dismiss a pro se complaint without leave

to amend unless 'it is absolutely clear that the deficiencies of the complaint could

not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)

(per curiam)).  Further, the Court should provide the pro se litigant with notice of

the complaint's deficiencies "to ensure that the litigant uses the opportunity to

amend effectively." *Akhtar*, 698 F.3d at 1212 (quoting *Ferdik v. Bonzelet*, 963

F.2d 1258, 1261 (9th Cir. 1992)).  "Without the benefit of a statement of

deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi

v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*,

809 F.2d 1446, 1448 (9th Cir. 1987)).  If "it is clear that the complaint could not be

saved by any amendment," dismissal with prejudice is allowed. *Sylvia Landfield

Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>

In Count I, Slavick states that he uses a cane, has medical memoranda and "HCF orders" allowing him to use an "ADA medical ramp," and his photograph is posted in the HCF guard station with written notice that he is not to use stairs. ECF No. 1, PageID #5. Slavick says that prior to and on November 25, 2014, he informed Lalotoa of his medical needs and Lalotoa saw Slavick "navigate the ramp with a cane." *Id.* Notwithstanding this, Slavick says Lalotoa threatened to deny or denied Slavick use of the ramp on November 25, 2014. Slavick claims that Lalotoa was attempting "to inflict/cause a physical injury/worsen my injuries" "because [Slavick] is injured and disabled." *Id.* Slavick says this caused him "[m]ental anguish, emotional distress from harassment, high anxiety, fear of assault and further deprivation of rights." *Id.*

In Count II, Slavick alleges that when the allegations alleged in Count I occurred, and on other occasions, Lalotoa called Slavick a "fuckin haole." *Id.*, PageID #6. Slavick says this "Racial discrimination" caused him mental anguish, duress, psychological hardship, and fear that Lalotoa would physically injure him or tamper with his prison records.

In Count III, Slavick alleges Lalotoa retaliated for Slavick having filed suit against prison officials. Slavick alleges he was subjected to continuous harassment

from HCF guards and staff causing him duress and anxiety.  Slavick seeks

damages and a transfer to the Federal Detention Center-Honolulu.

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the

conduct complained of was committed by a person acting under color of state law;

and (2) that the conduct deprived the plaintiff of a federal constitutional or

statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation

omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also*

*West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

**A.     Eighth Amendment**

The unnecessary and wanton infliction of pain constitutes cruel and unusual

punishment prohibited by the Eighth Amendment.  *Whitley v. Albers*, 475 U.S.

312, 319 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  To prevail on a

claim of cruel and unusual punishment, a prisoner must allege and prove that he

objectively suffered a sufficiently serious deprivation and that, subjectively, prison

officials acted with deliberate indifference in allowing or causing the deprivation to

occur.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991)*; see also Farmer v. Brennan*,

511 U.S. 825, 834 (1994).

The question under the "Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Additionally, a conclusion that a defendant acted with deliberate indifference to an inmate's medical issues requires that the plaintiff show both "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

It is unclear whether Slavick alleges that Lalotoa *threatened* to deny him or actually *denied* him use of the ramp. To the extent Slavick alleges Lalotoa violated the Eighth Amendment by threatening to deny him access to the ramp, harassing and instigating others to harass him, and using racial slurs against him, he fails to state a claim. A prison guard's threats of abuse or harm fail to state a federal constitutional claim. *See*, *e.g.*, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under § 1983). "'[T]he exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth

Amendment." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting

*Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (internal quotation marks

omitted).

To the extent Slavick alleges that Lalotoa violated the Eighth Amendment

by actually denying Slavick access to the ramp on one occasion, Slavick provides

insufficient facts to state a claim. Slavick admits that he was allowed to use the

ramp before and after this single event, even on the same day. Slavick does not

claim that Lalotoa forced him to use the stairs, or that he used the stairs in the face

of Lalotoa's threats and incurred an injury, or that his mobility impairment

worsened from this single incident. Slavick therefore fails to allege that the threat

or actual denial of ramp access on that one occasion denied him "the minimal

civilized measure of life's necessities," such as eating, using the washroom, or

participating in any constitutionally significant activity. *Farmer*, 511 U.S. at 834.

Slavick fails to state a claim under the Eighth Amendment, and this claim is

DISMISSED with leave to amend.

**B.    Retaliation**

Slavick alleges that Lalotoa's alleged threats and harassment were made in

retaliation for Slavick having filed suit against prison officials. Prison officials

may not retaliate against prisoners for initiating litigation or filing administrative

grievances. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). A viable

claim of First Amendment retaliation entails five basic elements: (1) an assertion

that a state actor took some adverse action against an inmate (2) because of (3) the

inmate's protected conduct and that the adverse action (4) chilled the inmate's

exercise of his First Amendment rights and (5) did not reasonably advance a

legitimate penological purpose. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

2009) (quoting *Rhodes*, 408 F.3d at 567-68).

Slavick bears the burden of pleading and proving the absence of legitimate

correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65

F.3d 802, 806 (9th Cir. 1995). To prevail, Slavick must show: (1) a nexus between

the alleged retaliatory act and the protected activity, *see Huskey v. City of San Jose*,

204 F.3d 893, 899 (9th Cir. 2000); (2) that he suffered more than minimal harm,

*Rhodes*, 408 F.3d at 568 n.11; (3) that his First Amendment rights were actually

chilled by the retaliatory action, *id.* at 568; and (4) that the retaliation was the

substantial or motivating factor behind the conduct of the prison official, *Mt.*

*Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Brodheim*, 584 F.3d at

1271.

First, if Lalotoa only threatened to deny Slavick ramp access on one

occasion, but did not actually deny him access to the ramp, then Lalotoa did not

take any adverse action against Slavick.  Slavick must clarify his claims regarding whether Lalotoa merely threatened him or actually denied him access to the ramp.

Second, Slavick fails to allege facts showing Lalotoa's awareness of Slavick's pior lawsuits or facts evidencing a causal connection between *when* he filed suit against prison officials and Lalotoa's acts.  *See Pratt*, 65 F.3d at 808 (stating "timing can be properly considered as circumstantial evidence of retaliatory intent").

Third, Slavick fails to allege that his First Amendment rights were chilled. "A plaintiff must allege that the 'official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Watison*, 668 F.3d at 1114 (quoting *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted)).  That is, while "a  plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Rhodes*, 408 F.3d at 568 n.11, Slavick alleges no harm at all.[2]

---

[2]Indeed, public records show that Slavick filed three federal cases, including the instant case, and six Hawaii state cases *after* Lalotoa allegedly threatened or denied him access to the ramp, undercutting a claim that his First Amendment rights were chilled.  *See Slavick v. Sequeira*, 1:16-cv-00071 SOM; *Slavick v. State*, 1:15-cv-00424 DKW; see also *Slavick v. Kaplan*, 1PR16-1-000026; *Slavick v. Ahn*, 1CC16-1-001321; *Slavick v. State*, 1PR16-1-000004; *Slavick v. Ahn*, 1CC15-1-001557; *Slavick v. Ahn*, 1CC15-1-001683; *Slavick v. Ahn*, 1CC15-1-001162, avail. at: *http://hoohiki.courts.hawaii.gov/#criminal_case?ID=.*

Slavick's retaliation claim is DISMISSED for failure to state a claim with leave granted to amend to include factual allegations specific to this claim.

**C.     ADA**

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of that disability.  42 U.S.C. § 12132.  To state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

To the extent that Slavick complains that Lalotoa denied him access to a ramp on one occasion, he fails to state a claim under the ADA.  While incarceration itself is not a program or activity, other activities, like "meals and showers made available to inmates" are programs or activities.  *Jaros v. Ill. Dep't*

*of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).  Here, Slavick is alleging a failure to

provide appropriate *care* for his mobility impairment, the use of the ramp, not the

discriminatory denial of access to services, programs, or activities.  *See Simmons v.*

*Navajo Cty.*, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010) ("ADA prohibits

discrimination because of disability, not inadequate treatment for disability");

*Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007) (to state claim

under the Rehabilitation Act (which is analogous to the ADA), a plaintiff must

allege discrimination because of disability).  That is, Slavick fails to allege he was

denied access to any prison services, programs, or activities due to Lalotoa's act on

November 25, 2014, and this is insufficient to state a claim under the ADA.

Moreover, if a plaintiff does not allege, or cannot prove, that the public

entity's challenged actions were solely because of his disability, then the plaintiff

has no claim under Title II of the ADA.  *Weinreich v. Los Angeles Cty. Metro.*

*Transp. Auth.*, 114 F.3d 976, 978-79 (9th Cir. 1997); *see also Johnson v.*

*Thompson*, 971 F.2d 1487, 1493 (10th Cir. 1992) (discrimination must result "from

the handicap and from the handicap alone.").  Slavick specifically asserts that

Lalotoa threatened to deny or denied him access to the ramp because Slavick had

filed lawsuits against HCF officials, not because he was disabled.  This does not

satisfy the ADA's requirement that the alleged failure to accommodate an

individual must be solely on the basis of the disability.  Slavick fails to state a

claim under the ADA and this claim is DISMISSED with leave to amend.

## IV.  **LEAVE TO AMEND**

Slavick's Complaint is DISMISSED.  28 U.S.C. § 1915(e)(2); 28 U.S.C.

§ 1915A(b); 42 U.S.C. § 1997e(c)(1).  He may file an amended complaint on or

before December 30, 2016 that cures the deficiencies noted in this Order.  Slavick

must comply with the Federal Rules of Civil Procedure and the Local Rules for the

District of Hawaii if he amends his pleading.

An amended complaint generally supersedes the original complaint.  *See*

*Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  The Court

will not refer to the original pleading to make an amended complaint complete,

although it will not ignore contradictory statements of fact between an original and

amended complaint.  Local Rule 10.3 further requires that an amended complaint

be complete in itself without reference to any prior pleading.  Defendants not

named in the caption and claims dismissed without prejudice that are not realleged

in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v.*

*Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with

prejudice [need not] be repled in a[n] amended complaint to preserve them for

appeal. . . . [but] claims [that are] voluntarily dismissed [are] . . . waived if not

repled.").  In an amended complaint, each claim and the involvement of each

Defendant must be sufficiently alleged.

## V.  28 U.S.C. § 1915(g)

If Slavick fails to timely file an amended complaint, or is unable to amend

his claims to cure their deficiencies, this dismissal may count as a "strike" under

the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a

prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

under 28 U.S.C. § 1915 -

> if the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Slavick may file an amended complaint curing the deficiencies noted

above on or before December 30, 2016.

(3) Failure to timely amend and cure the pleading deficiencies noted herein will result in dismissal of this action with prejudice for failure to state a claim, and Slavick may incur a strike pursuant to 28 U.S.C. § 1915(g).

(4)  The Clerk of Court is DIRECTED to mail Slavick a prisoner civil rights complaint form to assist him in complying with the directions in this Order.

IT IS SO ORDERED.

DATED: November 22, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____

*Chris Slavick v. John Lalotoa*; Civil No. 16-00601 DKW-RLP; **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

*Slavick v. Lalotoa*, 1:16-cv-00601 DKW/RLP; Scrng 2016 (8 Amd threats; Retal.; ADA)

14