IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHRIS SLAVICK, #A07658819 | CV. NO. 16-00601 DKW-RLP |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL** |
| vs. | |
| JOHN LALOTOA, | |
| Defendant. | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

## INTRODUCTION

On December 29, 2016, Plaintiff Chris Slavick, proceeding pro se, filed a document entitled "Objection to Involvement of Judges," which the Court liberally construes as a motion for the Court to recuse itself from further proceedings in this civil action.   The apparent basis for the request is the Court's prior ruling in an unrelated case, Civil No. 15-00424 DKW-KJM.   Because Slavick fails to establish that the Court's impartiality might reasonably be questioned – or any other grounds sufficient to justify recusal in this matter – the motion is denied.[1]

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).   To the extent Slavick seeks additional forms of relief in the instant filing, the Court will address those requests by separate order.

## **BACKGROUND**

Slavick filed a prisoner civil rights complaint on November 7, 2016, alleging violations of 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12182 *et seq.*   In a November 22, 2016 Order, the Court dismissed Slavick's complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and granted him leave to file an amended complaint by no later than December 30, 2016.   *See* Dkt. No. 5 (11/22/16 Order).   Instead of filing an amended complaint, on December 29, 2016, Slavick filed the instant objection "to any and all involvement by judges Michael Seabright and D. Kahala Watson." Motion at 1.   His objection is based upon:

> their prior involvement in a legal case in which they were either conflicted due to having a close familial relationship to the trial judge in the prior appealed case (former Judge Karen Ahn) . . . and decisions were made by either or both of them that were based on patently false information provided to them by a government agency (Halawa C.F.) and I objected to and discredited the fraudulent information provided to them, requested law enforcement intervention to secure evidence and to verify the government fraud, yet they plainly ignored my meritorious legal requests.

Motion at 1-2.

According to Slavick, the Court erred in its prior rulings in an unrelated matter, *Slavick v. Sequiera*, Civil No. 15-00424 DKW-KJM, in which the Court adopted the Findings and Recommendation of the Magistrate Judge to deny his 42

2

U.S.C. § 2254 petition, and which is currently on appeal to the Ninth Circuit Court of Appeals.   In the prior Section 2254 habeas proceeding, the Court concluded that Slavick's state court conviction did not violate his constitutional right to a speedy trial under the Sixth Amendment or his right to be free from double jeopardy under the Fifth Amendment.   *See* Civil No. 15-00424 DKW-KJM, Dkt. No. 53 (9/23/16 Order).

Slavick now alleges that it was improper for the undersigned to be assigned as presiding judge in the present matter, Civil No. 16-00601 DKW-KJM, based upon prior rulings in the Section 2254 habeas case, Civil No. 15-00424 DKW-KJM. According to Slavick:

> The plain fact that [the undersigned] was assigned by chief judge J. Michael Seabright . . . is a serious conflict and an extremely improper appearance of impropriety that violates judicial Canons. . . .   Whether or not the highly suspect involvement by judges Seabright and Watson is coincidental or 'cronyism' is nearly irrelevant in comparison to these foregoing conflicts which I've already factually cited, accurately.

Motion at 2.

## **DISCUSSION**

Although Slavick does not specify the authority under which he objects to the Court's involvement, the Court liberally construes the request for recusal as brought pursuant to 28 U.S.C. § 455.[2]   Section 455 provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party[.]

"[T]he substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations, quotations, and alterations omitted).   The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted).   "The standard must not be so broadly construed that it becomes, in effect,

---

[2]Because Slavick is proceeding pro se, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*. at 913 (quotations omitted).

Slavick objects to the Court presiding over the instant civil action in light of the previous denial of his Section 2254 petition in Civil No. 15-00424 DKW-KJM. Although Slavick contends that the Court is biased based upon a "serious conflict," the alleged bias "must usually stem from an extrajudicial source." *Pesnell,* 543 F.3d at 1043. There is no allegation of an extrajudicial source of bias or partiality here.[3] To the contrary, the allegations stem solely from the Court's role in prior judicial proceedings. On their face, Slavick's assertions reveal nothing improper about the Court's conduct, nor do they cast light on any extrajudicial bias.

As the Supreme Court has explained in the context of judicial proceedings:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if

---

[3]To be clear, the undersigned has no familial relationship with retired Circuit Court Judge Karen Ahn, has never communicated with her, nor even met her.

> they reveal such a high degree of favoritism or antagonism as to
> make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

Slavick simply fails to meet these standards here.   He points to no personal bias stemming from an extrajudicial source, evidences no "deep-seated favoritism or antagonism," and otherwise fails to show bias based on the Court's prior rulings. *See Leslie v. Grupo ICA*, 195 F.3d 1152, 1160 (9th Cir. 1999) ("[The plaintiff's] allegations stem entirely from the district court judge's adverse rulings.   That is not an adequate basis for recusal.").   Moreover, the random assignment of this civil action does not evidence any impartiality on the part of the undersigned or Judge Seabright.[4]

In sum, Slavick's motion for recusal is unfounded.   A reasonable person with knowledge of all the facts would not conclude that the Court's s impartiality might reasonably be questioned under the circumstances alleged.   Accordingly, the motion is denied.

---

[4]To the extent Slavick seeks Judge Seabright's recusal based upon the November 7, 2016 scheduling order entered by the Clerk's Office and signed by Judge Seabright, *see* Dkt. No. 3, the Court denies the request.   Neither this civil action, nor the prior Section 2254 habeas case (Civil No. 15-00424 DKW-KJM), is assigned to Judge Seabright, and accordingly, he cannot be recused from further involvement.   Moreover, the ministerial entry of a scheduling order by the Clerk's Office is not a basis for recusal.

## <u>CONCLUSION</u>

Based on the foregoing, Slavick's motion for recusal is denied.

IT IS SO ORDERED.

DATED: January 4, 2017 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____
Slavick v. Lalotoa; Civil No. 16-00601 DKW-RLP; **ORDER DENYING MOTION FOR RECUSAL**