IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRIS SLAVICK, #A07658819, | ) | CIV. NO. 16-00601 DKW/RLP |
| | ) | |
| Plaintiff, | ) | DISMISSAL ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN LALATOA, HALAWA CORR. FACILITY, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## **DISMISSAL ORDER**

On November 23, 2016, the Court dismissed Plaintiff's Complaint for failure to state a claim. Order, ECF No. 5. Plaintiff was given leave to amend to cure the Complaint's deficiencies on or before December 30, 2016. Although this deadline was extended to February 7, 2017 at Plaintiff's request (ECF No. 8), no amendment or further response to the Court's orders has been filed. Because Plaintiff has not filed an amended complaint, it appears he is unable to do so in a manner that would address the deficiencies identified by the Court. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2015).

The Court has discretion to dismiss Plaintiff's claims with prejudice for his failure to file an amended complaint that complies with the Order to amend. *See*

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999) (holding plaintiff's failure to comply with minute order to file amended complaint gave district court discretion to dismiss case under Fed. R. Civ. P. 41(b)).[1]

The Ninth Circuit has identified five factors that a district court must consider before dismissing a case:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Here, the public interest in the expeditious resolution of this litigation, the Court's interest in managing its docket, the noted lack of merit of Plaintiff's claims, and the lack of prejudice to the unserved Defendants strongly weigh in favor of dismissal. Plaintiff has already been afforded the opportunity to amend his claims, following guidance provided by the Court, and was given an extension of time in which to do so. Alternatives less drastic than dismissal have therefore been considered and provided without

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

success, and the Court declines to create further ones that would, at this stage, appear to be futile.

This action is DISMISSED with prejudice for Plaintiff's failure to amend to state a cognizable claim.  *See In re Phenylpropanolamine (PPA) Cases*, 460 F.3d 1217, 1226 (9th Cir. 2006).  This dismissal shall count as a strike under 28 U.S.C. §1915(g), unless it is overturned on appeal.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  The Clerk is DIRECTED to enter judgment and terminate this case.

IT IS SO ORDERED.

DATED: February 23, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Chris Slavick v. John Lalatoa, et al*; Civil No. 16-00601 DKW-RLP;
**DISMISSAL ORDER**

*Slavick v. Lalotoa*, 1:16-cv-00601-DKW-RLP; Dismissal Order; PSA Defc'y & Dsml Ords